IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALVIN MINOR, | ) |
| | ) Civil Action No. 13-1320 |
| Petitioner, | ) |
| | ) |
| v. | ) |
| | ) United States Magistrate Judge |
| TABB BICKELL, et al., | ) Cynthia Reed Eddy |
| | ) |
| Respondents. | ) |

# MEMORANDUM OPINION AND ORDER[1]

## I. Relevant Factual and Procedural History

Alvin Minor (Petitioner) brings this petition for writ of habeas corpus based on Constitutional violations relating to the conditions set on the grant of parole from his incarceration by the Commonwealth of Pennsylvania. On May 6, 2008, Petitioner was sentenced to four to ten years of incarceration after pleading guilty to two counts of Aggravated Assault with a Deadly Weapon. (ECF No. 9-1, page 6). Petitioner's maximum term of incarceration expires on April 9, 2016, and his minimum term of incarceration expired on April 9, 2010.

On June 28, 2000, in an unrelated case, Petitioner was convicted of Indecent Assault and Corruption of a Minor. (*Id*. at 9). Petitioner completed the prescribed sentence and probation for that crime without re-offending. (ECF No. 4, page 4).

Since Petitioner's incarceration under the present Aggravated Assault conviction, Petitioner was reviewed for parole by the Pennsylvania Board of Probation and Parole (Parole Board) five times. (ECF No. 9-1 pages 18, 35-37, 135). Parole was denied for each of the first four applications. Each denial was accompanied with stated reasons, which included

---

[1] The parties consented to jurisdiction by a United States Magistrate Judge. See ECF Nos. 11 and 12. See also 28 U.S.C. § 636(c)(1).

"[Petitioner's] need to participate in and complete additional institutional programs;" "the negative recommendation made by the Department of Corrections;" and "[Petitioner's] minimization/denial of the nature and circumstances of the offense(s) committed." (ECF No. 9-1 pages 35-37, 135). Notably, all four denials of parole included the following statement: "At your next interview, the Board will review your file and consider: Whether you have successfully participated in a treatment program for sex offenders." *Id*.

Upon evaluating Petitioner's fifth application for parole, the Parole Board granted parole. The Parole Board stated: "The reasons for the Board's decision include the following: Your current involvement in prescribed institutional programs. Your participation in and completion of prescribed institutional programs. Your positive institutional behavior . . . ." (ECF No. 9-1, page 18). As a condition for parole, the Parole Board imposed several restrictions on Petitioner's post-parole behavior, including, *inter alia*, temperance from alcohol and illicit drugs, supervision by the parole office, and continued employment. *Id*. The Parole Board also imposed "all 14 standard special conditions for sex offenders." *Id*. Those restrictions include, for example, that "you must not form an intimate or romantic/sexual relationship with any person who has full or partial physical custody . . . of anyone under the age of 18 years . . . ." *Id*.

The Parole Board relocated Petitioner to Progress Community Corrections Center on April 14, 2014, where he remains to date. (ECF No. 9-1 page 22). While housed in Progress Community Corrections Center, Petitioner is placed under "Special Conditions: . . . Placement in Sex Offender Program." *Id*. Petitioner is "paroled upon completion of programing as indicated by recent DOC assessment . . . any violation of the program rules or regulations may constitute a violation of parole and may result in sanctions and arrest." (ECF No. 9-1 page 18).

Before the Parole Board granted conditional parole on June 27, 2013, Petitioner pursued a Writ of Mandamus from Pennsylvania Commonwealth Court, challenging the denial of parole and the conditions under which the Parole Board would grant parole. In his petition to the Pennsylvania courts, Petitioner raised the following issues:

> A. Whether the Ex Post Facto Clause has been violated because Plaintiff has been disadvantaged by the retroactive application of new parole laws?
>
> B. Whether the Parole board violated Due Process rights by acting arbitrarily, capriciously and vindictively in refusing parole for over two (2) years, three parole hearings?
>
> C. Whether the Department of Probation and Parole violates the Double Jeopardy Clause by making the completion of Sex Offenders Treatment Program, in granting parole, contingent upon completion of Sex-Offenders Treatment on [an] expired case?

(ECF No. 4 page 4). The Commonwealth Court denied the petition. *Id*. Petitioner appealed to the Supreme Court of Pennsylvania, which on August 20, 2013, affirmed the decision of the lower court. (ECF No. 9-1, page 143). Petitioner now brings this petition for writ of habeas corpus.

**II. Discussion**

A. Review of Jurisdiction

1. Exhaustion of State Court Remedies

The provisions of the federal habeas corpus statute at 28 U.S.C. § 2254(c) require a state prisoner to exhaust available state court remedies before seeking federal habeas corpus relief. To comply with the exhaustion requirement, a state prisoner first must have "fairly presented" his constitutional and federal law issues to the state courts through direct appeal, collateral review, state *habeas* proceedings, mandamus proceedings, or other available procedures for judicial

review. *See, e.g.*, Castille v. Peoples, 489 U.S. 346, 351 (1989); Doctor v. Walters, 96 F.3d 675, 678 (3d Cir. 1996); Burkett v. Love, 89 F.3d 135, 137 (3d Cir. 1996). To "fairly present" a claim, a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted. McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999). A petitioner can "fairly present" his claim through: (a) reliance on pertinent federal cases; (b) reliance on state cases employing constitutional analysis in like fact situations; (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution; and (d) allegation of a pattern of facts that is well within the mainstream of constitutional litigation. *Id*. at 260. Even if a state court refuses to consider the claim on procedural grounds, it is still exhausted as long as the state court had the opportunity to address it. Bond v. Fulcomer, 864 F.2d 306, 309 (3d Cir. 1989).

In addition, in order to exhaust his claims, a habeas corpus petitioner must "properly present" his claims to the state courts. In this regard, a petitioner must invoke "one complete round" of the applicable State's appellant review process, thereby giving the courts of that State "one full opportunity" to resolve any issues relevant to such claims. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (holding that a petitioner must present every claim raised in the federal petition to the state's trial court, intermediate appellate court and highest court before exhaustion would be considered satisfied). The petitioner has the burden of establishing that exhaustion has been satisfied. Ross v. Petsock, 868 F.2d 639, 643 (3d Cir. 1989); O'Halloran v. Ryan, 835 F.2d 506, 508 (3d Cir. 1987).

Exhaustion is not a jurisdictional limitation, however, and federal courts may review the merits of a state petitioner's claims prior to exhaustion when no appropriate state remedy exists. Christy v. Horn, 115 F.3d 201, 206 (2d Cir. 1997; Doctor, 96 F.3d at 681; Carter v. Vaughn, 62

4

F.3d 591, 594 (3d Cir. 1995). A petitioner shall <u>not</u> be deemed to have exhausted state remedies, however, if he has the right to raise his claims by any available state procedure. 28 U.S.C. § 2254(c).

The record bears out that Petitioner has raised each of his current Constitutional claims in the Pennsylvania Commonwealth Court, culminating in a Per Curiam Order by the Supreme Court of Pennsylvania, dated August 20, 2013, which affirmed the decisions of the lower court and the Parole Board. (ECF No. 9-1 page 143; ECF No. 4 pages 4-6). Each of Petitioner's claims which are restated in the present petition for habeas corpus were duly rejected by the relevant state courts. (*See generally*, ECF No. 9-1; *see also* ECF No. 4 pages 4-6). Any variation to those claims caused by further Parole Board decisions, including the June 27, 2013 grant of parole to Petitioner, are sufficiently similar to those raised in the state courts as to render a return to the state courts "futile because. . . [the] state's highest court has ruled unfavorably on a claim involving facts and issues materially identical to those undergirding [the] federal habeas petition." Lines v. Larkins, 208 F.3d 153, 162 (3d Cir. 2000). Petitioner has sufficiently exhausted his claims in state court to allow for this court to consider his petition on its merits.

2. Mootness

Petitioner's claims are not moot, and may be evaluated on the merits by this court. In federal court, Article III of the United States Constitution requires that there be an actual controversy that exists at all stages of appellate review, not simply when the case is filed. U.S. v. Munsingwear, Inc., 340 U.S. 6 (1950). The Supreme Court has expanded that view in certain cases, if the harm "truly could be capable of repetition, yet evading review." Roe v. Wade, 410 U.S. 113, 125 (1973) (citing Southern Pacific Terminal Co. v. ICC, 219 U.S. 498 (1911))

(internal quotation marks omitted).  "Generally, when a prisoner is challenging the execution of his sentence pursuant to a petition for writ of habeas corpus, the petition becomes moot if the prisoner completes his term of imprisonment before the habeas proceedings have concluded." Malarik v. Pennsylvania Bd. Of Prob. & Parole, CIV.A. 11-1255, 2012 WL 528247 (W.D. Pa. Feb. 9, 2012).

Petitioner raises claims which each present a live controversy for review in federal court. His claims are rooted in the imposition of sexual offender conditions upon his former applications for parole, and upon his conditional grant of parole, granted on June 27, 2013. (ECF No. 4 pages 4-6). Petitioner's claims, including his Ex Post Facto claim, do not rest solely on the denial of parole, but on the continued conditions under which his parole was granted. (*See* ECF No. 9-1 pages 18-19). "The [conditions] placed on [Petitioner], which Petitioner has exhibited, shows continuing violations . . . as to the Parole Board and DOC still places programming for Sex Offender Treatment." (ECF No. 13, page 4). The conditions under which parole is granted include the "impos[ition of] all 14 standard special conditions for sex offenders." (ECF No. 9-1 page 19). "[A]ny violation of the program rules or regulations may constitute a violation of parole and may result in sanctions and arrest." (ECF No. 9-1 page 18). Petitioner's term of imprisonment has not expired, and does not expire with the grant of conditional parole. Petitioner's maximum term of imprisonment does not expire until April 9, 2016. The current conditions, as applied to Petitioner and his parole status, are live and active, and present a controversy susceptible to federal court review.

B.  Review of Petitioner's Claims

Petitioner raises three claims of Constitutional violations in connection with the initial denials of his parole and the conditions made upon the grant of his parole.  First, Petitioner claims that the Parole Board violated his rights under the Ex Post Facto Clause of the United States Constitution by applying standards set forth in 42 Pa. Const. Stat. Ann. § 9718.1, a 2007 statute, to him.  Petitioner claims that the 2007 statute was applied to him because of his conviction for Indecent Assault and Corruption of Minors dated June 28, 2000. (ECF No. 4 page 4).

Second, Petitioner claims that the Parole Board violated his rights under the Double Jeopardy Clause of the United States Constitution.  He claims that the conditions which he must meet relating to sexual offender programs constitutes multiple punishments for the same crime. (*Id.*).

Third, Petitioner claims that the Parole Board violated his rights under the Due Process Clause of the United States Constitution "by acting arbitrarily, capriciously and vindictively in refusing parole for over two (2) years, [and] three parole hearings."  (*Id.*).

Each claim will be addressed on the merits, in turn.

1. Ex Post Facto

The Parole Board did not violate Petitioner's Constitutional rights under the Ex Post Facto Clause of the United States Constitution.  The Ex Post Facto Clause states that "[n]o state shall . . . pass any . . . ex post facto law." U.S. Const. Art. I, § 10, cl 1.  Such laws include any "change [that] alters the definition of criminal conduct or increases the penalty by which a crime is punishable." Cal. Dep't of Corr. v.. Morales, 514 U.S. 499, 506 n. 3 (1995).  The inquiry to determine violations of the Ex Post Facto Clause is two pronged:  "(1) whether there was a

change in the law or policy which has been given retrospective effect, and (2) whether the offender was disadvantaged by the change." Richardson v. Pennsylvania Bd. Of Prob. & Parole, 423 F.3d 282, 288 (3d Cir. 2005).

Petitioner alleges that the Parole Board applied 42 Pa. Const. Stat. Ann. § 9718.1 to him in violation of the Ex Post Facto Clause. Section 9718.1 requires, as a prerequisite for eligibility for parole, that "[a] person . . . shall attend and participate in a Department of Corrections program of counseling or therapy designed for incarcerated sex offenders if the person is incarcerated . . . for any of the [enumerated] provisions." 42 Pa. Const. Stat. Ann. § 9718.1. The enumerated provisions are all sex-related offenses, and notably do *not* include aggravated assault with a deadly weapon. *Id*. Although Petitioner has previously been convicted of, and served his sentence for, an enumerated crime under § 9718.1, that conviction predated the enactment of § 9718.1. The conviction for which Petitioner is currently serving his sentence and is related to his present petition for habeas corpus relief is *not* an enumerated crime under § 9718.1, and postdates the enactment of § 9718.1. This Court finds that the Parole Board did not apply § 9718.1 to Petitioner when considering his applications for parole, and therefore could not have violated his rights under the Ex Post Facto Clause.

The United States Court of Appeals for the Third Circuit has held that the Parole Board appropriately used the failure to complete sexual offender programs by a candidate for parole as a factor for denying parole when considered among other factors, regardless of the nature of the parole candidate's conviction. Pleaze v. Klem, 335 F. App'x 168, 171 (3d Cir. 2009). In Pleaze, a candidate for parole had been convicted of robbery, but was denied parole due to, in part, his failure to complete sexual offender programs. *Id*. Under both the Pennsylvania Parole Act, which was effective at the time of Petitioner's conviction, and the current guidelines for parole,

8

which were adopted in late 2009, the Board has great discretion in considering a multitude of factors. Appropriate factors include the safety of the public and victims, the best interest of the inmate, and "to encourage inmates and parolees to participate in programs that have been demonstrated to be effective in reducing recidivism." 42 Pa.C.S.A. § 2154.5. *See also* 61 Pa. Cons. Stat. § 331.19 (repealed) (listing factors for parole, including, *inter alia*, "the prisoner's complete criminal record, conduct while in prison, physical, mental, and behavior condition and history, the nature and circumstances of the offense committed, and the general character and background of the prisoner.").

In Pleaze, as here,

> Nothing indicates that the Board intended to retroactively apply the requirements of § 9718.1 to [the candidate for parole] or that it made its decision regarding his parole based on improper considerations. The Board never claimed that [the candidate] was ineligible for parole by barring him from applying or refusing to consider his application, which is the remedy for failure to comply with § 9718.1.

In other words, the Parole Board may appropriately require sexual offender programs and training as a factor for granting parole, irrespective of § 9718.1. "The fact that [§ 9718.1] covers sexual offenses relating to minors, and not a robbery conviction, merely underscores our conclusion that the Parole Board did not retroactively apply the statute to [the candidate]." Pleaze, 335 F. App'x at 171. The Board, in its discretion, required that Petitioner "successfully complet[e] a treatment program for sex offenders." (ECF No. 9-1, Exhibits 4-6, pages 18, 35-37). The Board also required, among other things, a "clear conduct record" and a "favorable recommendation for parole from the Department of Corrections." The Parole Board required sexual offender programs as one factor among several in determining whether to grant parole to Petitioner, and did not rely upon, nor mention, § 9718.1. The statute was not applied to

9

Petitioner, and Petitioner therefore fails to satisfy either prong of the Ex Post Facto inquiry. Accordingly, the Court finds that Petitioner is not entitled to relief on this claim.

2. Double Jeopardy

The Parole Board did not violate Petitioner's rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. The Double Jeopardy Clause states "nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Amend. V. "That guarantee has been said to consist of three separate constitutional protections. It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." North Carolina v. Pearce, 395 U.S. 711, 717 (1969) (overruled on other grounds by Alabama v. Smith, 490 U.S. 794 (1989)). The purpose of the latter protection is to prevent the State from harassing a defendant after a conviction "in the hope of securing a greater penalty." Id. at 734 (Douglas, concurring). Parole, revocation of parole, and denial of parole are not forms of penalty, nor the imposition of a sentence: "there is no double jeopardy protection against revocation of probation and the imposition of imprisonment." U.S. v. DiFrancesco, 449 U.S. 117, 137 (1980). Parole in Pennsylvania is designed to give consideration to the protection of the public and to victims, and to "encourage inmates and parolees to conduct themselves in accordance with conditions and rules . . . [and] to participate in programs that have been demonstrated to be effective in reducing recidivism." 42 Pa.C.S.A. § 2154.5. "[Parole's] purpose is to help individuals reintegrate into society as constructive individuals as soon as they are able, without being confined for the full term of the sentence imposed. It also serves to alleviate the costs to society of keeping an

individual in prison." Morrissey v. Brewer, 408 U.S. 471, 477 (1972). Parole, or its denials and conditions, are not "punishment" for the purposes of the Double Jeopardy Clause.

Petitioner claims that the Parole Board violated the Double Jeopardy Clause "in granting parole, contingent upon completion of Sex-Offenders Treatment on [an] expired case." (ECF No. 4 page 4). As discussed above, the Parole Board has the discretion to impose conditions upon parole in order to effectuate the purposes of safety to the public and to victims, reduction of recidivism, and "to encourage inmates and parolees to conduct themselves in accordance with conditions and rules . . . [and] to participate in programs . . ." 42 Pa.C.S.A. § 2154.5. The conditions which the Parole Board placed on Petitioner's parole does not constitute a new punishment for Petitioner's 2000 sex offense conviction. Instead, it is a calculated condition under which Petitioner may prematurely be released from prison under his current sentence. Petitioner's rights under the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution have not been implicated by the Parole Board's conditions. Thus, the Court finds that Petitioner is not entitled to relief on this claim.

3. Due Process

The Parole Board did not violate Petitioner's rights under the Due Process Clause of the United States Constitution. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 569 (1972). "That a state holds out the *possibility* of parole provides no more than a mere hope that the benefit will be obtained . . . a hope which is not protected by due process." Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979) (internal citations omitted).

Petitioner claims that "the Parole board violated Due Process rights by acting arbitrarily . . . in refusing parole for over two years." (ECF No. 4 page 4). Refusal to grant parole, as stated above, is not a protected liberty interest under the Fourteenth Amendment. Greenholtz, 442 U.S. at 11. Petitioner was afforded consideration for parole on at least five occasions, each of which were decided "following an interview with [Petitioner] and a review of [Petitioner's] file." (ECF No. 9-1, pages 35, 36, 37, 135, and 18). Petitioner's Due Process rights have not been implicated by the Board's actions. As such, the Court finds that Petitioner is not entitled to relief on this claim.

### III. Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. 2254(c)(2). Here, the record fails to show a violation of Petitioner's constitutional rights. Accordingly, a certificate of appealability should be denied.

### IV. Conclusion

For the foregoing reasons, the petition for a writ of habeas corpus will be denied and a certificate of appealability will be denied. An appropriate Order follows.

# ORDER

**AND NOW**, this 7th day of August, 2014, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case **CLOSED**.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc:  ALVIN MINOR
HN-9186
Progress Community Corrections Center
179 Progress Drive
Waynesburg, PA 15370-8090

John C. Manning
PA Board of Probation and Parole
Email: jmanning@pa.gov